UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

THERESA D. WALKER,

Plaintiff,

v.     4:10-cv-216

ST. JOSEPH'S/CANDLER HEALTH SYSTEM, INC.,

Defendant.

## ORDER

### I. INTRODUCTION

Theresa D. Walker ("Plaintiff") alleges that St. Joseph's/Candler Health System, Inc. ("Defendant") violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Title VII), by discriminating and retaliating against her on the basis of her African-American race and female gender. *See* Doc. 1-1. This action is presently before the Court on Defendant's unopposed Motion to Strike under Federal Rule of Civil Procedure 12(f). *See* Doc. 4. Defendant moves to strike various factual allegations from Plaintiff's Complaint because Plaintiff failed to exhaust her remedies by bringing these same allegations before the Equal Employment Opportunity Commission ("EEOC"). *See* Doc. 4 at 2.

### II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Augusta Video, Inc. v. Augusta*, 2009 WL 2940075, at *5 (S.D. Ga. Sept. 11, 2009) (quotation omitted). "A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *In re Parks*, 2010 WL 4807065, at *1 (M.D. Fla. Nov. 18, 2010).

### III. ANALYSIS

Before filing a Title VII action, "a plaintiff first must file a charge of discrimination with the EEOC." *See Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004). This exhaustion requirement gives the EEOC the first chance to investigate possible discrimination and obtain voluntary compliance if possible. *See id.* To accomplish this purpose, Plaintiff's Complaint must be "limited to the scope of the administrative investigation which could reasonably be expected to grow out of the charge of discrimination. *Griffin v. Carlin*, 755 F.2d 1516, 1522 (1985).

Complaints "'are allowed if they amplify, clarify, or more clearly focus the allegations in the EEOC complaint,' but we have also warned that 'allegations of new acts of discrimination are inappropriate.'" *Anderson v. Embarq/Sprint*, 379 Fed. App'x 924, 926 (11th Cir. 2010) (quoting *Gregory*, 355 F.3d at 1279-80). "Courts are nonetheless extremely reluctant to allow procedural technicalities to bar claims brought under Title VII." *Gregory*, 355 F.3d at 1280 (quotation omitted).

The plaintiff in *Gregory* failed to allege retaliation in her EEOC discrimination

charge. The Court held that "the exhaustion requirement was nonetheless satisfied because the retaliation claim was based on the facts alleged in her discrimination charge." *Gregory*, 355 F.3d at 1278. The Court held that a reasonable EEOC investigation would have found that the plaintiff complained about discriminatory conduct and was then terminated. *See id.*

In *Cotton v. G.S. Dev.*, the plaintiff asserted EEOC claims for failure to promote, wrongful demotion, and wrongful termination. 2010 WL 2993952 (11th Cir. Aug. 2, 2010). He added a hostile work environment charge to his civil complaint. The Court held that he did not exhaust his administrative remedies on the hostile environment claim. *See id.* at *1-2.

Similarly, the Court in *Thomas v. Miami Dade Pub. Health Trust*, barred the plaintiff from alleging retaliatory acts not mentioned in her EEOC charge, even where she had checked the retaliation box and listed two specific retaliatory acts. 369 Fed. App'x 19, 22-23 (11th Cir. 2010).

In Plaintiff's April 3, 2006 EEOC charge ("Initial Charge"), she checked boxes for discrimination based on race and sex and listed her discrimination as a continuing action beginning and ending on December 9, 2005. She alleged that:

> Unlike a White male Lead Respiratory Therapist, who has previously been disciplined, I was demoted from my position on December 9, 2005 after receiving only one disciplinary action.
>
> Tammy Aveille, Manager of Employee Relations, told me I was being demoted for multiple complaints of harassment of staff members, multiple complaints of inappropriate comments, and inability to perform a [sic] team leader.
>
> I believe I have been discriminated against because of my race, (Black), and my sex, (female) in violation of title VII of the Civil Rights Act of 1964, as amended.

Doc. 4-1.

On September 28, 2006, Plaintiff amended her Initial Charge with another EEOC form ("Amendment"). *See* 29 C.F.R. § 1601.12(b) (2010) (permitting amendment to add allegations). Here, she added a retaliation claim and corrected the date of discrimination to stretch from December 9, 2005 to September 28, 2006, but she unchecked the box marked "continuing action." Plaintiff further alleged that:

> I also believe I was paid less wages than Whites who held the Lead Respiratory Therapist positions. I also believe I have been retaliated against by my supervisor by being yelled at on April 24, 2006, and by him making light of it in a meeting with the Respiratory Care Manager. I have also been denied the opportunity to apply for a Lead Respiratory Position which came open and the employer did not advertise.
>
> . . .
>
> No reason was given by Harold Oglesby, Manager Respiratory Therapy, for his actions or as to why the open job position was not advertised. No reason was given for the difference in pay.
>
> . . .

2

I believe I have been . . . retaliated against for having opposed and [sic] unlawful employment practice.

Doc. 4-2. Plaintiff appears to have filed these EEOC charges without the assistance of counsel so her allegations will be "liberally construe[d]." *Cotton*, 2010 WL 2993952, at *1.

Defendant moves this Court to strike thirteen sets of allegations from Plaintiff's Complaint. *See* Doc. 4 at 11. Defendant's objections can be grouped into requests to strike six categories of allegations: (1) references to Plaintiff's other EEOC charges; (2) a reference to a hostile work environment; (3) specific racial, sexual, or demeaning comments made by Defendant's employees; (4) Plaintiff's complaints to her superiors about the discriminatory behavior of others; (5) a reference to a general practice of discrimination; and (6) a reference to continuing harassment. *See id.*

### A. References to Plaintiff's Other EEOC Charges

Defendant argues that references to Plaintiff's other EEOC charges in paragraphs seven and forty-eight should be stricken from her Complaint because she is only permitted to sue on her Initial Charge. *See id.* at 4, 9. The Defendant is correct with respect to any reference to Plaintiff's September 26, 2006 charge ("Second Charge"). Plaintiff fails to allege when and if she received a right to sue letter and thereby exhausted her remedies. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973). Reference to this Second Charge may prejudice Defendant by encouraging the jury to punish Defendant for a claim that Plaintiff is not allowed to bring. Plaintiff may, however, reference her Amendment because claimants are permitted to amend their claims. *See* 29 C.F.R. § 1601.12(b) (2010) (permitting amendment).

### B. Reference to Hostile Work Environment

Defendant also argues that Plaintiff's reference to a hostile work environment in paragraph forty-one should be stricken because Plaintiff did not allege them in her Initial Charge. *See* Doc. 4 at 8. Plaintiff did make this allegation to the EEOC in her Second Charge. *See* Doc. 4 at 9. But as discussed above, Plaintiff may not sue on that charge. Plaintiff is also barred from alleging these same facts as clarifications of her Initial Charge. *See Cotton*, 2010 WL 2993952, at *1-2 (barring hostile work claim where not alleged in EEOC charge).

### C. Racial, Sexual, or Demeaning Comments

Defendant also moves to strike specific racial, sexual, or demeaning comments that Plaintiff alleges were made by Defendant's employees in paragraphs thirty-two, thirty-three, thirty-five, and forty. *See* Doc. 4 at 6-8. While Plaintiff alleged to the EEOC that she was retaliated against for opposing an unlawful employment practice, she did not specify what that practice was. *See* Doc. 4-2. Plaintiff cannot fill in that blank with an unlimited number of specific discriminatory acts. *See Anderson v. Embarq/Sprint*, 379 Fed. App'x 924, 926 (11th Cir. 2010) ("allegations of new acts of discrimination are inappropriate"); *Thomas v. Miami Dade Pub. Health Trust*, 369 Fed. App'x 19, 22-23 (11th Cir. 2010) (barring new retaliatory

3

acts where omitted from EEOC charge's list of retaliatory acts). These comments also may prejudice Defendant by allowing the jury to consider an unexhausted claim of a hostile work environment.

### D. Complaints about Other Discriminatory Behavior

Defendant moves to strike allegations of Plaintiff's complaints to her superiors about the discriminatory behavior of others in paragraphs thirty-six, thirty-eight, forty-four, and forty-six. *See* Doc. 4 at 7-9. In her EEOC charge, however, Plaintiff asserted that Defendant "retaliated against [her] for having opposed [an] unlawful employment practice." Doc. 4-2 at 3.

In *Gregory*, the court held that a reasonable EEOC investigation would cover a later civil retaliation claim where the claimant alleged to the EEOC that she complained about discrimination and was then fired. *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1278 (11th Cir. 2004). Likewise, a reasonable EEOC investigation here should cover the specifics of Plaintiff's complaints to her superiors where she alleged that Defendant retaliated against her for opposing unlawful employment practices. It cannot be said that these allegations have "no possible relation to the controversy." *See In re Parks*, 2010 WL 4807065, at *1 (M.D. Fla. Nov. 18, 2010).

### E. Reference to General Practice of Discrimination

Defendant also challenges Plaintiff's reference to a general practice of discrimination in paragraph four. *See* Doc. 4 at 5. This general reference is proper in light of Plaintiff's general EEOC charge that Defendant retaliated against her for opposing an "unlawful employment practice." *See* Doc. 4-2 at 3.

### F. Reference to Continuing Harassment

Defendant concludes by moving to strike Plaintiff's reference in paragraph fifty to the continuing harassment and retaliation she faces. Plaintiff need not file successive EEOC charges alleging retaliation for filing a previous EEOC charge. *See Thomas*, 369 Fed. App'x at 23. Because these allegations may refer to retaliation for filing an EEOC charge, they will not be stricken.

## IV. CONCLUSION

The Court strikes from Plaintiff's Complaint any reference to her September 26, 2006 EEOC charge; reference to a hostile work environment in paragraph forty-one; and the racial, sexual, or demeaning comments in paragraphs thirty-two, thirty-three, thirty-five, and forty. Defendant's remaining requests to strike allegations from the Complaint are denied.

Defendant's Motion is *GRANTED* in part and *DENIED* in part.

This 21st day of December 2010.

*[signature]*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA