UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

THERESA D. WALKER,

Plaintiff,

v.                    4:10-cv-216

ST. JOSEPH'S/CANDLER HEALTH SYSTEM, INC.,

Defendant.

# ORDER

## I. INTRODUCTION

On January 18, 2011, Defendant St. Joseph's/Candler Health System, Inc. ("St. Joseph's"), filed a motion to compel discovery responses because Plaintiff, Theresa Walker ("Walker"), never responded. *See* Doc. 14. The next day, the Court discovered that Walker's attorney had been suspended by the Georgia bar. *See* Doc. 15. The Court gave Walker twenty (20) days to acquire new counsel. *See id.* Walker did not do so until March 11, 2011. *See* Doc. 24. St. Joseph's withdrew its motion to compel. *See* Doc. 34. Discovery was set to close on May 20, 2011. *See* Doc. 30. The Court then extended the deadline to July 11, 2011. *See* doc. 36.

Walker now moves to extend the discovery deadline again. *See* Doc. 41. Walker filed a motion to compel discovery on June 24, 2011. *See* Doc. 40. In this motion, Walker objects to St. Joseph's discovery responses which it served six weeks earlier on May 10, 2011. *See* Doc. 42.

## II. ANALYSIS

### A. Motion to Compel

Walker provides no legal basis for her motion to compel. *See* Doc. 40. Instead she simply lists her interrogatories and document requests *ad seriatim*. *See* Doc. 40-1 at 3-19.

Despite this hurdle, the Court has analyzed each discovery request and objection. After detailed consideration, the Court denies Walker's motion.

Walker's first interrogatory was overbroad in that it requested a great deal of irrelevant evidence. *See Sprint/United Mgmt. v. Mendelsohn*, 552 U.S. 379, 388 (2008).

Walker's eighth interrogatory is not relevant to any issue remaining in this case. *See* Doc. 12.

Walker's thirteenth interrogatory requests information regarding irrelevant periods of time and is not likely to lead to admissible evidence.

Walker's sixteenth interrogatory is also overbroad. *See Rowlin v. Ala. Dep't of Public Safety*, 200 F.R.D. 459, 461 (M.D. Ala. 2001). It requests any disciplinary activity taken by anyone at anytime. *See* Doc. 40-1 at 8.

Walker's requests for production are overbroad because they request an unreasonably large volume of documents, many of which are irrelevant. *See Rowlin*, 200 F.R.D. at 461.

Walker elected to wait until just before discovery expired, for the third time, to challenge St. Joseph's discovery responses.

*See* Doc. 40. Because of this delay, there is no time remaining for Walker to pare down her overly burdensome requests.

Walker's motion to compel discovery, *see* Doc. 40, is ***DENIED***.

### B. Discovery Extension

Walker's motion to extend discovery was dependent upon the success of her motion to compel. *See* Doc. 41 at 3. Thus, her motion to extend, *see* Doc. 41, is also ***DENIED***.

### III. CONCLUSION

Walker's motions to compel, *see* Doc. 40, and extend, *see* Doc. 41, discovery are ***DENIED***.

This 26th day of July 2011.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA