UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

THERESA D. WALKER,

Plaintiff,

v.                          4:10-cv-216

ST. JOSEPH'S/CANDLER HEALTH
SYSTEM, INC.,

Defendant.

## ORDER

### I. INTRODUCTION

On November 18, 2011, this Court granted summary judgment for Defendant St. Joseph's/Candler Health System, Inc. ("Defendant") as to all of Plaintiff Theresa D. Walker's ("Plaintiff") claims under Title VII. *See* Doc. 61. Defendant filed its Bill of Costs in the amount of $4,777.55. *See* Doc. 63. The Clerk taxed costs in the amount of $4,777.55 against Plaintiff. *See* Doc. 66. Now before the Court is Plaintiff's "Motion for Review and Exclusion of Costs." *See* Doc. 67.

### II. ANALYSIS

"Unless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party. . . ." FED. R. CIV. P. 54(d)(1). The Court may tax the following as costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." FED. R. CIV. P. 54(d)(1). Because Plaintiff filed her motion within seven days of the Clerk's taxation of costs, this motion is timely. *See* Docs. 66; 67.

Defendant seeks $4,777.55 in costs as follows:

(1)   $350 for the filing fee;
(2)   $4,182 for deposition transcripts;
(3)   $245.55 for copy costs for documents produced to Plaintiff.

*See* Docs. 63; 63-1.

Plaintiff opposes costs on the grounds that: (1) no depositions other than Plaintiff's were necessarily obtained for use in the case; (2) Defendant should not obtain costs for the 2.75 hours of Plaintiff's deposition testimony that exceeded the seven hours allowed under FED. R. CIV. P. 30(d); (3) the copying of documents, owned

by Defendant and produced to Plaintiff during discovery, is not recoverable; and (4) this Court should exercise its discretion and deny costs because of Plaintiff's poor financial situation. *See* Doc. 67 at 3-7.

### A. Necessity of Costs

#### 1. *Deposition Transcripts Costs*

Plaintiff contends that Defendant cannot recover costs for transcripts of depositions that it did not notice. *See id.* at 5. Defendant avers that whether it noticed the deposition is irrelevant to whether it can recover the transcript costs. *See* Doc. 70 at 4.

"The non-prevailing party bears the burden of showing that the cost of a particular deposition transcript was not necessary for use in the case." *Davis v. Williams*, 2010 WL 1955935, at *2 (S.D. Ga. May 13, 2010). Plaintiff cites no case law prohibiting recovery to a prevailing party that did not notice the deposition. Instead, "[c]harges for a copy of a deposition taken by an opponent are recoverable." *Shields v. City of Lake Mary, Fla.*, 2009 WL 2591156, at *3 (M.D. Fla. July 24, 2009) (quoting *Fulton Fed. Sav. & Loan Ass'n v. Am. Ins. Co.*, 143 F.R.D. 292, 296 (N.D. Ga. 1991)).

"Where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (quotation omitted).

"Taxation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the plaintiff [or defendant] might need the deposition transcripts to cross-examine the witnesses . . . and that the information those people had on the subject matter of this suit were not so irrelevant or so unimportant that their depositions were outside the bound of discovery. *Id.* at 621 (internal citation and quotation omitted).

In her Rule 26(a)(1) initial disclosures, Plaintiff identified Harold Oglesby, Dr. Ray Maddox, Tammy Aveille, Janna Fosse, Rudy Oswell, Sharon Fagerstrom, Laura Fontenot, and Rafael Agosto as individuals likely to have discoverable information regarding Plaintiff's claims. *See* Doc. 70-1 at 3-4; *see also id.* at 19-20 (identifying witnesses in her interrogatory responses). Accordingly, Defendant obtained a copy of the deposition transcript of each of these individuals.

Moreover, "[a] district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions." *EEOC*, 213 F.3d at 621 (internal quotation omitted). All of the challenged depositions were utilized by the parties in support or opposition to Defendant's summary judgment motion. *See* Docs. 48-14; 52-19 to -60.

Therefore, the Court determines that the deposition transcripts were necessarily obtained for use in the case, and thus the costs of the transcripts are taxable.

Next, Plaintiff argues that Defendant should not recover the transcript costs for Volume II of Plaintiff's deposition because Plaintiff provided an additional 2.75 hours of testimony beyond the seven hours

2

allowed by Federal Rule of Civil Procedure 30(d). *See* Doc. 67 at 5-6.

Plaintiff does not attempt to allege a discovery violation; the parties mutually agreed to Plaintiff's provision of additional deposition testimony. *See* Doc. 67 at 6. Moreover, such testimony and the corresponding transcripts were "necessarily obtained" as Defendant attached such testimony in support of its summary judgment motion. *See* Doc. 48-13 at 78-104.

Thus, Defendant may recover the transcript costs of Volume II of Plaintiff's deposition testimony.

### 2. Copy Costs

Plaintiff argues that Defendant cannot recover for the costs of copies of documents, owned by Defendant, and produced during discovery. *See* Doc. 67 at 6-7. Defendant counters that the documents were copied in response to Plaintiff's requests for document production. *See* Docs. 70 at 5; 63-1 at 3, 18 (costs involve copying 1,637 pages of documents).

"[I]n evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *EEOC*, 213 F.3d at 623. "In general, the prevailing party can recover the costs of making copies of documents, pleadings, discovery, and exhibits tendered to the opposing party or submitted to the court for consideration." *Autry Petroleum Co. v. BP Products N. Am.*, 2010 WL 3239010, at *2 (M.D. Ga. Aug. 16, 2010) (quoting *Brewer-Giorgio v. Bergman*, 985 F. Supp. 1478, 1485 (N.D. Ga. 1997)); *see also EEOC*, 213 F.3d at 623 (costs of copies of documents produced during discovery recoverable).

Defendant could have reasonably believed that copying these papers in response to discovery requests was necessary. Therefore, Defendant's costs of copying documents it produced to Plaintiff during discovery are compensable.

### B. Plaintiff's Financial Status

In addition, Plaintiff argues that the Court should deny Defendant's request for costs in its entirety because of Plaintiff's economic condition. *See* Doc. 67 at 3.

Plaintiff attests to her current financial hardship in an affidavit. *See* Doc. 67-1. Her husband is a full-time student, and she has two children. *See id.* at 1. She was recently terminated from her employment with Defendant and now receives food stamps. *Id.* at 1-2. Her health benefits were terminated. *See id.* at 2. She avers that her monthly income is $1,800 while her monthly expenses equal approximately $2,928.54. *See id.* She provides an itemized estimate of her monthly expenses. *See id.*

Rule 54(d) "establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise." *Chapman v. AI Transport*, 229 F.3d 1012, 1038 (11th Cir. 2000). "However, the district court's discretion not to award the full amount of costs incurred by the prevailing party is not unfettered, since denial of costs is in the nature of a penalty for some defect on the prevailing party's part in the course of the litigation." *Id.* at 1039 (citation and quotations omitted).

"[A] non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)." *Id.* "If a district court in determining the amount of costs to award chooses to consider the non-prevailing party's financial status, it should require *substantial documentation* of a true inability to pay." *Id.* (emphasis added); *see also Mawulawde v. Bd. of Regents of Univ. Sys. of Ga*, 2009 WL 3753986, at *2 (S.D. Ga. Nov. 9, 2009) (determining that affidavit alone insufficient and suggesting plaintiff needed to attach "tax returns, pay stubs, or other outside documentation").

Should the Court choose to consider Plaintiff's financial status, the Court cannot deny Defendant's request for costs in their entirety. "Even in those *rare* circumstances where the non-prevailing party's financial circumstances are considered in determining the amount of costs to be awarded, a court may not decline to award any costs at all." *Chapman*, 229 F.3d at 1039 (emphasis added).

Moreover, a court does not abuse its discretion if it refuses to consider a party's financial status when awarding costs. *See Ang v. Coastal Int'l Sec., Inc.*, 417 F. App'x 836, 838-39 (11th Cir. 2011); *Rocker v. City of Ocala, Fla.*, 355 F. App'x 312, 315 (11th Cir. 2009); *Ellis v. C.R. Bard, Inc.*, 311 F.3d 1272, 1288 (11th Cir. 2002).

Although the Court is not unsympathetic to Plaintiff's financial circumstances, the Court elects not to consider Plaintiff's financial status. *Cf. Ramsay v. Broward Cnty. Sheriff's Office*, 2008 WL 3851648, at *3 (S.D. Fla. Aug. 14, 2008) (concluding that non-prevailing party with limited income could still pay $2,225.17 in costs); *George v. Fla. Dep't of Corr.*, 2008 WL 2571348 (non-prevailing party demonstrating "some hardship" still had to pay $4,055.02 in costs); *see also* Doc. 70-2 (this Court's election not to consider Plaintiff's financial status and taxing $3,626.10 in costs).

## III. CONCLUSION

Plaintiff's "Motion for Review and Exclusion of Costs," *see* Doc. 67, is ***DENIED***.

This 15th day of March 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4